UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Anthony Boutell
Brian Stout
Shane Morn

On behalf of themselves and
all others similarly situated

    Plaintiffs

    v.                                          Case No. 17-cv-317

Craftmaster Painting, LLC
    Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Craftmaster Painting, LLC ("Craftmaster"), to seek redress for Craftmaster's failure to count all of the Plaintiffs' hours worked, failure to compute overtime pay at correct rates, and failure to wages required by law, or required by its agreement with the Plaintiffs.

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over the Defendant because the Defendant performed a substantial amount of work in this district, and a portion of the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

**THE PARTIES**

6. Plaintiffs are adult residents of the State of Wisconsin who were employed by Craftmaster during the time period on or after April 28, 2014. A copy of the FLSA and Wisconsin prevailing wage consents signed by each of the named plaintiffs are attached to this Complaint.

7. Defendant Craftmaster is a Wisconsin LLC with a principal place of business located in Franklin, Wisconsin. Craftmaster performs painting and relating work both throughout the State of Wisconsin, including in this district, and outside the State of Wisconsin.

8. Craftmaster is an employer within the meaning of Wis. Stat. §109.03(1). Craftmaster is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, performing work for clients outside the State of Wisconsin, and by purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin. At all relevant times, Craftmaster has had annual gross volume of business at or above $1,000,000.

## FACTS

9. When the Plaintiffs were told by Craftmaster to start their workday at a specified time at a jobsite, they were expected to start painting at the specified start time. The Plaintiffs were asked by Craftmaster to arrive at the jobsite 10-15 minutes before the designated start time so that they could perform all necessary preparatory work in advance of, and be ready to start painting at the designated start time.

10. Craftmaster only counted as hours worked work time that occurred after its designated start time, so that the Plaintiffs' preparatory work in advance of the official start time was neither counted as hours worked, nor paid.

11. When the Plaintiffs were told by Craftmaster to report to the company shop at the start of the workday, they were expected to be on the road, and on the way to the jobsite by a designated time. Plaintiffs often had to perform work in the shop such as, but not limited to, loading their trucks with paints and other supplies or correcting loading mistakes by Craftmaster shop employees, before they could depart for the jobsite at the designated time.

12. Craftmaster only counted as hours worked work time that occurred after its official designated departure time, so that the Plaintiffs' work of loading trucks and other work in the shop were neither counted as hours worked, nor paid.

13. Craftmaster supervisors were often present at, and therefore witnessed the Plaintiffs performing preparatory and loading work in advance of their official start times.

14. When the Plaintiffs started to drive to the jobsite after loading their own or a company truck at the Craftmaster shop with supplies and/or other materials, Craftmaster paid for

their drive to the jobsite at the rate of one minute per mile driven, rather than by the often longer actual time required to drive to the jobsite.

15. At the end of the workday the Plaintiffs frequently performed work at the shop such as, but not limited to unloading their trucks. Craftmaster did not count as hours worked, and did not compensate the Plaintiffs for either their work time in the shop, or their drive from their last jobsite back to the Craftmaster shop, which occurred in advance of their work in the shop, unless the last jobsite was located at least 180 miles from the Craftmaster shop. Even when the Plaintiffs were paid for their travel time from the last jobsite back to the Craftmaster shop, the travel was paid at the rate of one minute per mile driven, rather than for the often longer actual travel time from the last jobsite back to the Craftmaster shop.

16. Craftmaster automatically deducted half an hour from the Plaintiffs work time for lunch. When the Plaintiffs travelled from one jobsite to another during the course of their workday, and then performed work at the second jobsite after arrival, Craftmaster would count the travel between jobsites as the Plaintiffs' lunch break. It would deduct half an hour from the Plaintiffs' work time even though it did not provide the Plaintiffs with any lunch break, during which they had a sufficient amount of time off duty to consume a lunch.

17. When the Plaintiffs worked more than 40 hours per week, in particular when they worked overtime on higher paid prevailing wage projects, Craftmaster would encourage the Plaintiffs to bank their overtime hours worked.

18. Once overtime hours were banked, they would be paid out at the ratio of one straight time hour of pay per banked hour even though the banked hour was worked during overtime hours, and was often spent performing work at a higher rate of pay.

19. In order to minimize its obligation to pay employment taxes and overtime pay, rather than to contribute to the Plaintiffs' retirement, when the Plaintiffs worked on prevailing wage projects Craftmaster would make contributions to the Plaintiffs' 401(k) account.

20. Because the amount of the 401(k) contributions was solely a function of the number of hours worked by the Plaintiffs on prevailing wage projects, and the applicable rates of pay for those projects, the Plaintiffs may receive either $0, or thousands of dollars of 401(k) contributions per contribution period.

21. Craftmaster did not include the 401(k) contributions when computing the Plaintiffs' regular rate for overtime pay.

22. Upon information and belief Craftmaster would characterize a portion of the 401(k) contributions that it made for the Plaintiffs' work on prevailing wage projects as employee contributions, with the remaining 401(k) contributions counted as employer matching contributions.

23. While the employee portion of the 401(k) contributions became vested immediately, the employer matching contributions would not vest for a period of three years.

24. Craftmaster also claimed a $100 per month health insurance payment towards its obligation to pay prevailing wages to the Plaintiffs, even though in reality it charged the Plaintiffs full insurance premiums for participating in its insurance plans, without any discounts that resulted from an employer contribution.

25. Craftmaster paid to the Plaintiffs, for their work on prevailing wage projects, a cash wage rate equal to the difference between the full prevailing wage package hourly rate of

compensation, and the hourly rate of the 401(k) contributions and ficticious health insurance payments.

26. In computing the hourly rate of 401(k) contributions Craftmaster divided its weekly contribution by the number of prevailing wage hours worked by the Plaintiffs per week, rather than dividing its total contribution per contribution period by the total number of prevailing wage and non-prevailing wage hours worked by its employees during said contribution period.

27. When the Plaintiffs were engaged to wait during the course of their workday, such as for example waiting at the side of the road for their vehicle to be repaired, Craftmaster would deduct the waiting time from the Plaintiffs' hours worked.

28. When the Plaintiffs worked on prevailing wage projects during overtime hours, Craftmaster sometimes paid the prevailing wage overtime work at straight time rates, and lower-paid non-prevailing wage work that the Plaintiffs performed earlier in the workweek at overtime rates.

29. Because Craftmaster sometimes paid overtime pay at the lowest rate earned during the workweek, rather than always at the rate for the type of work that the Plaintiffs performed during overtime hours, there was no agreement between the Plaintiffs and Craftmaster to pay all overtime worked at the rate for the type of work performed during overtime hours.

30. Craftmaster paid the Plaintiffs for their overtime hours worked at the rate computed using either the lowest wage rate they earned during the workweek, or the rate for the type of work that they performed during overtime hours, rather than at the often higher average straight time wage rate that they earned during the workweek.

31. Craftmaster frequently failed to follow agreements regarding compensation that it paid with its employees. For example, even though Craftmaster promised Plaintiff Boutell that it would pay him for working on a project the wage rate of $20 per hour, and reimburse all of his gasoline expenses, it ultimately charged Boutell for a portion of his gasoline expenses for driving to and from the jobsite, so that Boutell did not receive $20 per hour free and clear for working on the project.

32. Craftmaster at one time paid the Plaintiffs for both driving to, and driving from the project if the project was located at least 90 miles from the company shop. When it changed its policy so that the return trip would only be paid if the project was located at least 180 miles from the company shop, it retroactively applied the modification, so that the Plaintiffs did not receive drive pay for travel from a project located at least 90 miles from the company shop, even though said travel occurred before Craftmaster announced its change of its travel pay policy.

**COLLECTIVE ACTION ALLEGATIONS**

33. Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who was not paid the correct amount of overtime pay because of Craftmaster's uniform policies of (1) failing to count their preparatory and shop work as time worked; (2) counting as unpaid lunch time their travel time between jobsites; (3) failing to count as hours worked their time spent working in the shop, and traveling from the last jobsite to the shop at the end of their workday; (4) failing to count as time worked their actual travel time from the shop to the jobsite after loading at the shop; (5) Encouraging employees to bank their overtime hours worked, and then paying for those banked overtime hours at a later time at the ratio of one hour of straight time

7

pay per hour banked, and at the shop rate rather than the prevailing wage rate; (6) excluding its prevailing wage 401(k) contributions from computing the Plaintiffs' regular rate for overtime pay.

34. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

35. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Craftmaster; and were deprived of overtime pay as a result of Craftmaster's uniform application of its policies concerning determining its employees' hours worked and computing their overtime pay.

## CLASS ALLEGATIONS

36. Named Plaintiffs seek to represent a class of all employees of Craftmaster who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees of Craftmaster who worked on jobsites for Craftmaster on or after April 28, 2015.

37. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, Craftmaster employs forty or more potential members of the class at any one time. Class members who are former employees of Craftmaster are widely scattered, thus making joinder even more impractical.

38. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether the Plaintiffs' set up time and shop work time must count as hours worked, and must be paid under Wisconsin law;

(b). Whether the Plaintiffs' travel between jobsites can be construed as times when they are completely relieved from duty, and therefore counted as an unpaid meal break under Wisconsin law;

(c). Whether under Wisconsin law overtime pay must be computed using the employees' regular rate, defined as the average straight time wage rate earned by the employee during the workweek;

(d). Whether under Wisconsin law private sector employers may delay paying overtime pay to their employees by permitting them to bank their overtime hours worked;

(e). Whether under Wisconsin law work in the shop at the end of the workday must count as hours worked, and therefore make the employees' trip from their last jobsite to the shop also hours worked;

(f). Whether under Wisconsin law the prevailing wage 401(k) contributions can be excluded from computing the Plaintiffs' regular rate for overtime pay;

(g). The appropriate remedy for the application of Craftmaster's uniform policies that violated Wisconsin law.

39. Named Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Named Plaintiffs, like other Wisconsin Unpaid Wage Class members, were deprived of straight and overtime pay as a result of Craftmaster's application of its uniform policies that undercounted their hours worked, and paid overtime pay lower than those required by law.

40. Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

42. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 41 of the Complaint.

43. Under the FLSA Craftmaster must, but failed to count as hours worked time spent by the Plaintiffs performing preparatory work at the jobsite in the morning, time spent performing shop work in the morning and afternoon, time spent in which they were engaged to wait, time spent traveling between jobsites during the workday, time spent traveling from the shop to the first jobsite after working in the shop, and time spent traveling from the final jobsite for the day to the shop before working in the shop; thereby resulting in an underpayment of overtime pay to the Plaintiffs.

44. Craftmaster further violated the FLSA by banking the Plaintiffs overtime hours worked, and then repaying those overtime hours at the rate of one straight time hour per banked overtime hour, and at the Plaintiffs' shop rate rather than the rate for the type of work that they performed during overtime hours; thus entitling the Plaintiffs to both the unpaid wages and

liquidated damages for overtime wages for the banked hours that remain unpaid, and liquidated damages for overtime wages for the banked hours that were belatedly paid.

45. Craftmaster further violated the FLSA by computing the Plaintiffs' overtime pay at either the lowest wage earned by the Plaintiffs during the workweek or the rate for the type of work the Plaintiffs performed during overtime hours, rather than the higher average straight time wage rate earned by the Plaintiffs during the workweek.

46. Craftmaster further violated the FLSA by excluding its 401(k) prevailing wage contributions from the computation of the Plaintiffs' regular rate for overtime pay even though the contributions were made for the primary purpose of reducing its liability for employment taxes and overtime pay rather than to contribute to the Plaintiffs' retirement; and even though the contributions were made pursuant to a formula that does not meet the requirements of 29 C.F.R. §778.215(a)(3).

47. Since Craftmaster did not have any, let alone reasonable grounds for believing that it policies of counting hours worked and computing overtime pay were in compliance with the FLSA, the plaintiffs are entitled to 100% liquidated damages for all overtime pay that Craftmaster owed to them. The Plaintiffs are also entitled to application of the three year statute of limitations for Craftmaster's willful violations of the FLSA.

48. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Craftmaster.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

49. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 48 of the Complaint.

50. Each of Craftmaster's violations of the FLSA, as outlined in paragraphs 42-46 of the Complaint above, also constitute a violation of Wisconsin overtime laws.

51. Because Wisconsin law requires employers to pay to employees wages for each and every hour they work, rather than only on average the minimum wage, the Plaintiffs are entitled to additional straight time wages for each and every hour that Craftmaster should have, but failed to count as hours worked.

52. Wis. Stat. §109.03(1) and (5) requires the employer to pay to its employees all wages promised to the employee, so that Craftmaster violated §109.03(1) and (5) when it charged Boutell for his gasoline costs of traveling to and from the jobsite, thereby breaching its promise to pay to Boutell $20 per hour free and clear for working on the project.

53. Similarly, the Plaintiffs time spent traveling from the jobsite back to the shop, at a time when Craftmaster's promise to pay them for said traveling time remained in effect, must be paid; so that Craftmaster's retroactive application of its modifications to its travel pay policy violated Wis. Stat. §109.03(1) and (5).

54. Pursuant to Wis. Stat. §109.03(5), the Named Plaintiffs are entitled to maintain a lawsuit against Craftmaster for all overtime wages that they are entitled to, but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b), along with their reasonable attorneys fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

**Count III.    Wisconsin Prevailing Wage Claim.**

55. Plaintiffs reallege, and incorporate by reference, the allegations contained in paragraphs 1- 56 of the Complaint.

56. When the Plaintiffs worked on Wisconsin prevailing wage projects, they are entitled to receive a cash wage for each hour worked equal to the difference between the hourly total package rate for their work classification on the project, and the hourly costs incurred by Craftmaster to fund their bona fide fringe benefits.

57. Craftmaster failed to pay to the Plaintiffs the prevailing wage cash wage required by law, when it claimed as a credit against the prevailing wage fictitious monthly health insurance contributions, and an employer 401(k) matching contribution that would not vest for three years.

58. Craftmaster additionally failed to pay to the Plaintiffs the prevailing wage cash wage required by law, when it claimed against its prevailing wage obligation a 401(k) prevailing wage contribution equal to its weekly 401(k) prevailing wage contribution divided by the number of prevailing wage hours worked by its employees during the week, rather than a credit equal to its 401(k) prevailing wage contributions per contribution period divided by the total number of hours worked during said contribution period.

59. Craftmaster additionally violated Wisconsin prevailing wage laws when it failed to pay the Plaintiffs, for their banked prevailing wage overtime hours, at a rate equal to 1.5 times the actual straight time cash wage that they received for working on the prevailing wage project.

60. Craftmaster additionally violated Wisconsin prevailing wage laws when it paid the Plaintiffs' overtime hours worked at prevailing wage projects at straight time rates, and the Plaintiffs' straight time hours worked at lower paid projects earlier in the week at overtime rates.

61. Craftmaster additionally owe to the Plaintiffs additional prevailing wage overtime pay for the hours that would have occurred after they had already worked more than 10 hours per day, or 40 hours per week, once the work hours described in paragraph 43 of the Complaint are counted as hours worked.

62. Craftmaster is therefore required to pay to the Plaintiffs twice the amount of prevailing wages owed to them, plus their attorneys fees and costs of bringing the claim.

63. Pursuant to Wisconsin prevailing wage laws, all plaintiffs who file the appropriate consent with the Court may join in this claim for unpaid prevailing wages.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Craftmaster is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Craftmaster is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Finds that Craftmaster is liable to the Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 28th day of April, 2017.

/s/Yingtao Ho
Yingtao Ho

Email: yh@previant.com
Wis.  Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI   53203
Telephone: 414-271-4500
Fax: 414-271-6308