IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY BOUTELL, BRIAN STOUT,
SHANE MORN and ROGER ANDERSON,
 on behalf of themselves and all others similarly situated,

                    OPINION and ORDER

         Plaintiffs,

                    17-cv-317-bbc

    v.

CRAFTMASTER PAINTING, LLC,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Anthony Boutell, Brian Stout, Shane Morn and Roger Anderson are former employees of defendant Craftmaster Painting, LLC. Plaintiffs contend that defendant failed to pay them in accordance with the Fair Labor Standards Act and state law. I granted plaintiffs' motion to conditionally certify plaintiffs' FLSA claims as to hourly employees who worked for defendant on jobsites on or after April 28, 2014. Dkt. #26. Now before the court is plaintiffs' motion under Fed. R. Civ. P. 23(a) and (b)(3) for certification of a class of all hourly employees who worked on jobsites for defendant Craftmaster Painting, LLC, during the time period of April 28, 2015 to the present. Dkt. #42. Plaintiffs have also filed a motion to accept the late opt-in form signed by Jennifer Przybyla. Dkt. #47. Defendant does not oppose class certification or Pryzbyla's participation in this case. Dkt. ##51, 52. After reviewing plaintiffs' brief in support of class certification, I agree that class certification is appropriate in this case. Therefore, I am granting the motion to certify the class. I am

1

also granting the motion to accept Przybyla's opt-in form.

OPINION

Plaintiffs seek to certify their state law claims under Federal Rule of Civil Procedure 23, which imposes various requirements that all class actions must satisfy: (1) the scope of the class as to both its members and the asserted claims must be "defined clearly," using "objective criteria," Mullins v. Direct Digital, LLC, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must be sufficiently numerous, include common questions of law or fact, and be adequately represented by plaintiffs (and counsel) who have claims typical of the class, Fed. R. Civ. P. 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b).

In this case, plaintiffs focus on Rule 23(b)(3), which applies if "the questions of law or fact common to class members predominate over any questions affecting only individual members" and a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The ultimate question in a Rule 23(b)(3) class action is whether "judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury." Mejdrech v. Met-Coil Systems Corp., 319 F.3d 910, 911 (7th Cir. 2003). See also Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 761 (7th Cir. 2014) ("Ultimately, the court must decide whether classwide resolution would substantially advance the case.").

A. Class Definition

Plaintiffs' proposed class definition is clear and based on objective criteria. Plaintiffs can determine which current and former employees are in the class by reviewing defendant's time records, which specify dates and locations where work was performed.

B. Commonality, Typicality and Predominance

There is significant overlap in the requirements for commonality and typicality under Rule 23(a) and the requirements in Rule 23(b)(3) to show that common questions predominate and that a class action is superior to individual lawsuits. General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 157 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge."); Messner v. Northshore University HealthSystem, 669 F.3d 802, 814 (7th Cir. 2012) (Rule 23(b)(3) predominance requirement is "similar to Rule 23(a)'s requirements for typicality and commonality."). All of those requirements focus on the question whether the court or the factfinder can resolve issues across the class rather than through individualized determinations. Costello v. BeavEx, Inc., 810 F.3d 1045, 1059 (7th Cir. 2016); Chicago Teachers Union, Local No. 1 v. Board of Education of Chicago, 797 F.3d 426, 434 (7th Cir. 2015). A classwide policy or practice related to a key issue of liability is one of the most common ways for plaintiffs to show that class certification is appropriate, even when there are some differences among the potential claims. Dorman v. DHL Exp. (USA), Inc., No. 09-cv-99, 2010 WL 446071, at *3 (W.D. Wis. Feb. 3, 2010) ("Typically, when an employee challenges its employer's

policy, the validity of that policy predominates over individual issues and class certification is appropriate.") (internal citations omitted).

In this case, plaintiffs say that the predominant common questions are whether defendants violated state law by: (1) permitting employees to "bank" overtime hours worked, rather than paying employees in cash for those hours worked; (2) failing to pay overtime pay for all hours worked in excess of 40 per week; (3) miscalculating overtime pay rates; (4) excluding 401k contributions when calculating wage rates; (5) enforcing an unlawful "uniformed hours worked" policy; and (6) failing to compensate employees for preparatory work. At this stage, it appears that these common questions will predominate over individual issues. Additionally, because plaintiffs are challenging several of defendant's policies and practices, it makes sense to allow plaintiffs to proceed as a class. Bell v. PNC Bank, Nat. Ass'n, 800 F.3d 360, 374-75 (7th Cir. 2015) ("[C]ommonality is satisfied when determination of the truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. . . .The complexity of proof is a problem plaintiffs will have to address in presenting their case on the merits but it does not negate predominance of the central, common issue.") (internal quotations and alterations omitted).

## C. Numerosity and Adequacy

The other Rule 23 requirements do not require extended discussion. Plaintiffs have identified 127 current and former employees who fit the class definition, so it is reasonable to infer that it would be impracticable to join all of the potential class members as plaintiffs.

5 Moore's Federal Practice § 23.22[1][b] (3d ed.) ("A class of 41 or more is usually sufficiently numerous.").

The final requirement is adequacy, which has two components, one that relates to the named plaintiffs and one that relates to class counsel. Here, counsel is experienced, having represented plaintiffs in class actions in the past, including in this court. Thus far, they have done an adequate job of representing their clients in this case. As for the named plaintiffs, their claims are not in conflict with the claims of the proposed class and they have sufficient interest in the outcome of the case. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625 (1997); Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). For these reasons, I am persuaded that counsel and the named plaintiffs meet the requirements of Rule 23(g)(1).

D. Certification of Class

In sum, I am persuaded that class certification is appropriate under Rule 23(b)(3). Plaintiffs meet all the requirements of Rule 23(a): the class is sufficiently numerous; the class claims share common questions; the claims of the named representatives are typical of the class; and the named plaintiffs are adequate, as are class counsel. Plaintiffs have also satisfied the requirements in Rule 23(b)(3) to show that common questions predominate for the purpose of determining liability and that a class action is a superior method of resolving liability. Accordingly, I will certify the following class: "All hourly employees of Craftmaster Painting, LLC who worked on jobsites for Craftmaster on or after April 28, 2015."

E. <u>Class Notice</u>

The only remaining issue is class notice. Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Generally, plaintiffs' counsel include a proposed class notice with their motion for certification, but plaintiffs failed to do that in this case. I will give them the opportunity to do that now. Plaintiffs should take care to include all the information required under Rule 23. Notice must clearly, concisely, and comprehensibly state: (1) the nature of the action; (2) the class definition; (3) the class claims, issues or defenses; (4) that a class member may enter an appearance through an attorney should he or she desire; (5) that the court will exclude any class member requesting exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members, regardless of whether a member may have a stronger individual claim of liability not dependent on proof of an unofficial policy to deny overtime pay. Fed. R. Civ. P. 23(c)(2)(B).

ORDER

IT IS ORDERED that

1. Plaintiffs' motion to allow opt-in of Jennifer Przybyla, dkt. #47, is GRANTED.
2. Plaintiffs' motion for class certification, dkt. #42, is GRANTED.
3. The court certifies the following class: "All hourly employees of Craftmaster Painting, LLC who worked on jobsites for Craftmaster on or after April 28, 2015."

4. The court appoints the The Previant Law Firm, S.C. as class counsel.

5. The court appoints Anthony Boutell and Brian Stout as class representatives.

6. Plaintiffs may have until April 25, 2018, to file a proposed class notice. Defendant may have until May 2, 2018, to file a response.

Entered this 18th day of April, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge