IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY BOUTELL, BRIAN STOUT,
SHANE MORN and ROGER ANDERSON,
 on behalf of themselves and all others similarly situated,

                                 OPINION AND ORDER

                Plaintiffs,

                                  17-cv-317-bbc

      v.

CRAFTMASTER PAINTING, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Anthony Boutell, Brian Stout, Shane Morn and Roger Anderson are former employees of defendant Craftmaster Painting, LLC, a company that performs painting and related work both within and outside Wisconsin. Plaintiffs contend that several of defendant's wage practices violated the Fair Labor Standards Act, 29 U.S.C. § 201-219, and Wisconsin's wage law, Wis. Stat. § 109.01-109.13. Specifically, plaintiffs contend that defendant erroneously permitted employees to bank overtime hours, incorrectly calculated weekly overtime based on the lowest rate earned during a week rather than the average weekly regular rate, failed to treat their travel time to and from jobsites as hours worked for which they were owed compensation, failed to compensate employees for work performed at the shop, failed to use the average blended rate to compute overtime time and improperly excluded 401(k) contributions (both those compelled from their employees and matching employer 401(k) contributions) when determining the prevailing wage and overtime pay

1

rates. This case is proceeding as a collective action under the FLSA and a class action under Rule 23 with respect to plaintiffs' state law claims.

Now before the court is plaintiffs' motion for partial summary judgment as to liability on several issues. Dkt. #58. I am granting the motion in part and denying it in part as set forth below.

OPINION

Plaintiffs have moved for summary judgment with respect to the following issues:

(1) defendant violated the FLSA and Wisconsin law by permitting plaintiffs to "bank" overtime hours earned in a week and "cash in" the hours at a later time when plaintiffs worked fewer than 40 hours in a week;

(2) defendant violated the FLSA and Wisconsin law by calculating overtime rates by using the lowest wage rate plaintiffs earned in a workweek, rather than using the "regular rate" of pay for the workweek;

(3) defendant cannot offset overtime it owes under the FLSA or Wisconsin law with overtime it paid already;

(4) defendant cannot rely on the exemption under 29 U.S.C. § 207(g)(2) and must use the blended average rate when calculating regular rate of pay for overtime purposes;

(5) defendant violated the FLSA and Wisconsin law by failing to count paid travel hours and hours worked at the shop to determine whether plaintiffs worked 40 hours during any given week;

(6) defendant violated Wisconsin law by claiming a credit for plaintiffs' 401(k) contributions and defendant's matching 401(k) contributions when computing plaintiffs' prevailing wage rate;

(7) defendant violated the FLSA and Wisconsin law by failing to include plaintiffs' prevailing wage 401(k) contributions and defendant's matching 401(k) contributions when calculating plaintiffs' overtime premiums for overtime prevailing wage work;

2

(8) plaintiffs are entitled to recover liquidated damages on all of defendant's violations of the FLSA;

(9) plaintiffs are entitled to a three-year statute of limitations as to certain of their FLSA claims; and

(10) plaintiffs are entitled to recover civil penalties under Wis. Stat. § 109.11(2)(a) as to all of their claims under Wisconsin law.

I address each of plaintiffs' arguments and defendant's responses below.

### A. Permitting Employees to Bank Overtime Hours

Defendant generally pays employees weekly. During 2015-2017, defendant permitted employees who worked more than 40 hours in a week to "bank" their overtime hours rather than be paid an overtime premium for the week in which they worked the overtime hours. An employee with banked overtime hours could later "cash in" the banked hours in a week in which the employee worked fewer than 40 hours. Under this practice, employees received regular pay rates for banked hours instead of overtime premium rates.

Defendant concedes that it now understands that its "banking practice" violated the FLSA, 29 U.S.C. § 207(a), and Wisconsin law, Wis. Stat. § 109.03(1). Dft.'s Br., dkt. 65, at 2. Accordingly, plaintiffs are entitled to summary judgment with respect to liability on this claim. Defendant no longer permits employees to bank overtime hours and has repaid employees for all banked hours. However, defendant repaid some of the banked hours at straight time rates instead of overtime rates. Therefore, defendant agrees that it needs to calculate the overtime premium due for those hours. The amount defendant owes for banked overtime hours remains to be determined at trial.

3

## B. Calculating Overtime Rates Based on Lowest Rate Earned

Plaintiffs' hourly pay depended on the type and location of the project on which they performed work. Plaintiffs earned a "base rate" for many jobs. If plaintiffs worked on a Walmart, Aldis or Culver's project, they earned one dollar above their base rate. If they worked on a "prevailing wage" public works project, they earned a higher prevailing wage rate. In a given workweek, plaintiffs may have worked on several different projects with different wage rates.

Plaintiffs also received travel pay, depending on the job. Generally, defendant did not pay plaintiffs travel pay for jobs that were less than one hour away. Defendant paid plaintiffs for one-way travel if the job was between one and two hours away and paid plaintiffs travel pay for both ways if the job was two or more hours away. In a given week, the travel pay rate would likely be the lowest pay rate plaintiffs earned.

Between 2014 and 2017, defendant calculated overtime pay based on the lowest rate an employee earned during the workweek, regardless whether the overtime hours were incurred at a site subject to a base rate, dollar bonus or a prevailing wage rate. If an employee earned travel time in a given week, defendant calculated the employee's overtime based on the travel hours. For example, during the week of May 15 to 21, 2016, plaintiff Stout worked 57.75 hours and received 17.75 hours of overtime pay. Stout worked 7.5 of the overtime hours at a "prevailing wage" site, but defendant calculated Stout's entire overtime pay based on "base wage" work he had performed earlier in the week when his work was at a non-prevailing wage job.

4

Defendant concedes that it calculated overtime pay improperly by paying overtime based on the lowest rate worked, rather than the "regular rate," as required by FLSA, 29 U.S.C. § 207(a), and Wisconsin law, Wis. Admin. Code DWD § 274.03 and § 290.05. Dft.'s Br., dkt. #65, at 2. Accordingly, plaintiffs are entitled to summary judgment as to liability on this claim. Remaining for trial is a determination of the additional amount defendant owes plaintiffs for overtime paid at the incorrect rate.

### C. Offsets for Overtime Paid Previously

Defendant makes clear it concedes that it must pay plaintiffs additional overtime at the rate set in 29 U.S.C. § 207(a) and Wis. Admin. Code DWD § 274.03 for any work performed after 40 hours in a week. The parties disagree about whether defendant may offset the amount of overtime it owes with overtime compensation it already paid at incorrect rates. Plaintiff seeks a ruling that defendant is not entitled to any offset for overtime previously paid, while defendant argues that an offset is appropriate.

Under the FLSA, 29 U.S.C. § 207(h)(2), an employer may credit certain overtime payments already made to employees against overtime payments owed to the employees. In particular, an employer may credit "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee." 29 U.S.C. § 207(e)(5). Defendant argues that under this provision, it is entitled to offset overtime owed in a given week with overtime already paid for hours

5

worked in the same week.

Plaintiffs' arguments as to why defendant is not entitled to any offset are unpersuasive. Plaintiffs suggest that defendant is seeking to offset overtime owed with overtime it paid on a daily basis, which would not be permitted under the FLSA. Plts.' Br., dkt. #59, at 9. But both parties appear to agree that defendant calculated overtime on a weekly basis, not a daily basis. Nor, as plaintiffs suggest, is defendant attempting to offset overtime it owes for a particular week with overtime or other premiums paid in another week or arguing that plaintiffs worked fewer than 40 hours in other weeks. Plaintiffs have identified no reason why defendant is not entitled to offset overtime wages owed in a given week with overtime wages already paid in the same week.

Therefore, I conclude that defendant is entitled to offset overtime owed in any given week so long as it can prove that it already paid some overtime premiums for hours worked in excess of 40 in that week. Specifically, defendant is entitled under 29 U.S.C. § 207(e)(5) to recalculate the overtime owed for each work week and pay the difference between what was paid in overtime premiums already and what is determined to be owed.

D. Availability of Exemption Method under 29 U.S.C. § 207(g)(2)

Plaintiffs also seek a ruling that defendant must calculate overtime by using the "regular rate" under 29 U.S.C. § 207(a)(1) and Wis. Admin. Code DWD § 274.03, and cannot calculate overtime pay by using the exemption method set out in 29 U.S.C. § 207(g)(2). Under § 207(g)(2), an employer who satisfies certain requirements can calculate

the overtime rate by using the straight time rate an employee earned for the type of work performed during overtime hours, as opposed to using the "regular rate" set forth in § 207(a)(1). Plaintiffs argue that defendants' practices do not satisfy the requirements for relying on the exception under § 207(g)(2), because, among other reasons, defendants either paid overtime based on the lowest rate an employee earned during the week or repaid banked overtime hours at straight time rates.

Defendant concedes that it must calculate overtime pay using plaintiffs' regular rate under § 207(a)(1), 29 C.F.R. § 778.115 and DWD § 274.03, which amounts to a blended average wage rate. Dft.'s Br., dkt. #65, at 7. Therefore, I will grant summary judgment to plaintiffs on this issue.

### E. Considering Travel Time and Work at the Shop in Calculation of Wages Owed and Overtime Pay Rate

Plaintiffs' next argument is that defendant improperly excluded travel time and time spent working at the shop when calculating their total hours worked for regular and overtime pay. Defendant agrees that it was required to include travel and shop time in determining an employee's regular and overtime hours, so long as the travel and shop time was actual "work time" under the FLSA and Wisconsin law. 29 C.F.R. § 785.34; Wis. Admin. Code DWD § 272.12(2)(g). But defendant denies that job site employees such as plaintiffs worked at the shop before or after their shifts on a regular basis. Additionally, it argues that even if it paid an employee for travel time, an employee's travel time was not always "work time" that should have been included for purposes of calculating overtime.

Travel time is not always considered "work time" for purposes of calculating overtime or the regular rate under the FLSA. 29 C.F.R. § 778.216. In the circumstance of this case, travel time would be considered "work time" under the FLSA only if plaintiffs performed work at the shop before they engaged in travel or performed work at the shop after they engaged in travel. 29 C.F.R. § 785.34. Here, there is a factual dispute about how often plaintiffs performed work in the shop at the beginning or end of a shift. Defendant says it was uncommon for job site employees to perform any work in the shop because there were shop employees who performed the loading and other shop work. Plaintiffs respond that they frequently performed work in the shop, both before and after their work at job sites. In light of this factual dispute, I cannot determine at summary judgment whether defendant improperly excluded travel or shop time when calculating plaintiffs' regular rate or total hours worked for purposes of overtime pay under the FLSA. Therefore, this issue must be resolved at trial.

Plaintiffs argue that even if there is factual dispute regarding travel or shop time with respect to their FLSA claim, I should conclude that defendant must count all paid travel time as work time with respect to their Wisconsin law claim. In particular, plaintiffs contend that because defendant had an "established policy" to count all paid travel time as hours worked, defendant is required to include paid travel time as hours work when calculating overtime eligibility and pay under Wis. Stat. § 109.01(3). That statute requires employers to pay all wages owed, including wages owed pursuant to any "established policy."

Plaintiffs have not shown that defendant had an established policy to count all paid

travel time as hours worked. Plaintiffs point to a few examples of situations in which an employee was paid for travel time and the travel time was counted as time worked for determining overtime eligibility. Plts.' Br., dkt. #59, at 11. But plaintiffs' examples are insufficient to prove that defendant had an "established policy." For its part, defendant denies that it considered all paid travel time to be work time. Plaintiffs may be able to show at trial that defendants always treated paid travel time as work time and thus, that defendants must count all paid travel time in calculating how much overtime it owes to plaintiffs. However, because there is a genuine factual dispute, this issue cannot be resolved at summary judgment.

### F. Excluding 401(k) Contributions from Prevailing Wage Rate

Plaintiffs contend that defendant failed to properly calculate their prevailing wage rate for straight time work hours worked on prevailing wage jobs. Under Wisconsin law, an employer must pay the prevailing wage rate on public works prevailing wage projects. Wis. Admin. Code § DWD 290.04(1). An employer may pay the prevailing wage rate entirely as salary or as a combination of salary and benefits that equals or exceeds the total prevailing wage rate. Wis. Stat. §§ 66.0903(1)(g); 103.49(1)(d); § 103.50(1)(d); Wis. Admin. Code DWD §§ 290.01(16); 290.04. (All citations to §§ 66.0903, 103.49, and 103.50, are to the 2009 version of the statutes, which governs projects begun prior to January 1, 2017.) If an employer improperly takes a credit for providing benefits, then the employer is generally liable to the employee for (1) the wages he or she would have received absent that

impermissible credit, and (2) an additional amount as liquidated damages. Wis. Stat. § 66.0903(11)(a)(1).

In this instance, defendant attempted to satisfy its obligation to pay prevailing wages to its employees by providing a base wage paid to employees on their checks, the employee's compelled contribution to a 401(k) plan and an employer-matching 401(k) contribution. If defendant's 401(k) plan had been established and administered correctly, defendant would have been able to use contributions to the 401(k) plan to satisfy part of its obligation to pay a prevailing wage rate. In particular, the 401(k) contributions would have been "bona fide economic benefits" under Wis. Admin. Code DWD § 290.01(1). "Bona fide economic benefits" means an "irrevocable contribution" to a bona fide plan, trust, program or fund. Wis. Stat. § 103.49(1). Fringe benefit contributions are not irrevocable if they can be captured or diverted by the employer. Wis. Admin. Code DWD § 290.01(10). Additionally, employer contributions must be made to a trustee or third person who assumes the "usual fiduciary responsibilities imposed upon trustees by applicable law." Id.

However, plaintiffs contend that both the 401(k) employee and employer contributions were not "bona fide economic benefits" for several reasons. First, under the 401(k) plan, employees vest only after three years of service, meaning that contributions revert back to the plan if an employee leaves defendant's employ after fewer than three years. Therefore, the contributions were not "irrevocable," because they could be forfeited to defendant within the first three years of employment. Second, employee contributions to the 401(k) plan were taxed, which deprived employees of the benefits of a pre-tax retirement

10

account. Because the contributions were taxed and taken from the employees' wages, the contributions were not fringe benefits provided by the employer. Third, the plan administrator, TRA the Retirement Advantage, expressly denied having any fiduciary relationship with the plan, meaning that the plan did not meet the requirements of § 290.01(10)(a). Plts.' PFOF, dkt. #60, ¶¶ 44-47. For all of these reasons, plaintiffs contend that their contributions and defendant's matching contributions to the 401(k) plan were not "bona fide" fringe benefits.

In response, defendant provides no persuasive reason why the 401(k) contributions should be considered bona fide economic benefits. In fact, defendant concedes that the 401(k) contributions made within the first three years of plaintiffs' employment were not "valid under the prevailing wage laws, and the employer's matching contributions cannot be utilized to pay for part of the prevailing wage rate on prevailing wage work." Dft.'s Br., dkt. #65, at 6. However, defendant argues that even if the 401(k) contributions are not bona fide fringe benefits, they are "money paid to the employee and therefore would satisfy [defendant's] fringe benefit obligation with respect to prevailing wage straight time wages." Dft.'s Br., dkt. #65, at 7. Defendant's argument is completely undeveloped, is not supported by citations to any legal authority and, in any event, is unpersuasive. The 401(k) contributions cannot be considered cash fringe benefits, as cash benefits must be paid directly to the employee for the employee's immediate use. Gold v. City of Adams, 2002 WI App 45, 251 Wis. 2d 312, 641 N.W.2d 446. The 401(k) contributions at issue here were not the equivalent of cash. Employees had access to the 401(k) accounts only if they died,

retired, severed employment with defendant after working three years, met an age requirement or met eligibility requirements for making hardship withdrawals. Defendant has provided no other argument as to why the employee or employer contributions to the 401(k) plan satisfied defendant's obligation to pay prevailing wages. Therefore, I will grant plaintiffs' motion for summary judgment on this issue.

G. Excluding 401(k) Contributions from Overtime Rate for Prevailing Wage Jobs

For prevailing wage jobs, Wisconsin law requires employers to pay 1.5 times the "basic" hourly rate for work in excess of the prevailing hours. Wis. Stats. §§ 103.49(2), 103.50(2), 66.0903(4). The statutes define "hourly basic rate of pay," as "the hourly wage paid to any employee, excluding any contributions or payments for health insurance benefits, vacation benefits, pension benefits and any other bona fide economic benefits, whether paid directly or indirectly." Wis. Stat. §§ 103.49(1)(b); 66.0903(1)(c). Under Wis. Admin. Code DWD § 290.05, fringe benefits paid in cash are excluded from computation of the overtime premium rate, with the only limitation being that the exclusion cannot reduce the overtime premium rate below the basic hourly rate. In other words, the requirement is that fringe benefits must be paid at the straight time rate, not at an overtime premium. Similarly, under § 207(e)(4) of the FLSA, contributions irrevocably made by an employer to a trustee or third person for retirement benefits may be excluded from the computation of the regular rate for purposes of calculating overtime rates. See also 29 C.F.R. § 778.215(a). However, the "trust fund must be set up in such a way that in no event will the employer be able to recapture any

12

of the contributions paid in nor in any way divert the funds to his own use or benefit." 29 C.F.R. § 778.215(a)(4).

In this instance, defendant did not count any prevailing wage contributions to the 401(k) when computing the employee's overtime pay rate. Plaintiffs contend that defendant should have included the 401(k) contributions because they were not bona fide economic benefits that could be excluded under 29 U.S.C. § 207(e)(4), Wis. Stat. §§ 103.49(1)(b), 66.0903(1)(c), or Wis. Admin. Code DWD § 290.05. As discussed above, plaintiffs' argument that the 401(k) contributions are not bona fide economic benefits is persuasive and defendant has offered no meaningful argument in response. Therefore, plaintiffs are entitled to summary judgment on this issue as well.

## H. Liquidated Damages

In addition to owed straight time and overtime compensation, successful FLSA plaintiffs are entitled to liquidated damages (double damages) in the amount of the unpaid overtime compensation. 29 U.S.C. § 216(b). An employer must pay liquidated damages unless it "shows to the satisfaction of the court that the act or omission giving rise to [the FLSA violation] was in good faith and that [the employer] had reasonable grounds for believing that [the] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. See also Bankston v. State of Illinois, 60 F.3d 1249, 1254 (7th Cir. 1995) (liquidated damages are presumed unless employer shows that it acted in good faith with reasonable grounds to believe that its actions did not violate FLSA).

Plaintiffs seek a ruling that they are be entitled to recover liquidated damages on their FLSA claims that defendant (1) permitted plaintiffs to bank overtime; (2) paid overtime on the lowest rate an employee earned in a week, rather than the blended average rate; and (3) improperly excluded 401(k) contributions when calculating the regular rate. Defendant offers no response with respect to its practice of banking overtime hours and paying overtime at the lowest rates. However, defendant argues that plaintiffs are not entitled to liquidated damages with respect to the 401(k) contributions because defendant's intent when establishing the plan was to make these contributions on a pre-tax basis. Dft.'s Br., dkt. #65, at 8-9.

Defendant's statement about its intent is not sufficient to show that it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA. Defendant has not cited evidence showing what steps it took, if any, to insure that its 401(k) plan was set up correctly or that the contributions could be considered bona fide fringe benefits for the purposes of prevailing wage law. Walton v. United Consumers Club, Inc., 786 F.2d 303, 312 (7th Cir. 1986) ("A good heart but an empty head does not produce a defense" to liquidated damages.) In addition, as for the 401(k) contributions, defendant has not shown that it made any adequate inquiry into whether the contributions could be considered bona fide fringe benefits. Such an inquiry should have been relatively simple, in light of the fact that plaintiffs' paychecks and payroll records would have quickly revealed that the contributions were being withheld and taxed from plaintiffs' prevailing wages taxes, and were not benefits being paid by defendant. Accordingly, I conclude that plaintiffs are

14

entitled to summary judgment on the issue of liquidated damages.

I. Willfulness

Under the FLSA, if an overtime violation is determined to be willful, a three-year rather than a two-year statute of limitations applies, effectively extending the period for which a plaintiff can obtain damages. 29 U.S.C. § 255(a). Plaintiffs have the burden of proving willfulness. To show that a violation of the FLSA was willful, plaintiffs must show that the employer "must have known that, or show[ed] reckless disregard for whether, its conduct was prohibited by the statute." Sampra v. United States Dept. of Transportation, 888 F.3d 330, 333 (7th Cir. 2018) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). "Reckless disregard of the requirements of the Act means failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104.

Plaintiffs contend that defendant's FLSA violations relating to banking overtime and calculating overtime using the lowest rate an employee earned in a week were willful. Defendant fails to respond to plaintiffs' argument about calculating overtime using the lowest rate, but argues that its decisions to permit employees to bank overtime hours cannot be considered willful. Defendant argues that the president of the company, Michael Schneble, believed banking overtime hours was a common practice in the construction industry and thus, must be permissible under the law. Schneble Dep., dkt. #62, at 92. However, Schneble conceded that defendant did not conduct any investigation into the legality of banking hours before this lawsuit was filed. Id.

I conclude that plaintiffs have shown that defendant's violations were willful. Defendant knew that the FLSA required it to pay its employees overtime for hours worked in excess of 40 in a week, but permitted plaintiffs to bank overtime hours to be repaid at a straight time rate without conducting any investigation, let alone an "adequate inquiry," into whether the banking practice complied with the FLSA. 5 C.F.R. § 551.104. Under these circumstances, plaintiffs have shown that defendant's FLSA violations were willful.

### J. Increased Damages under Wis. Stat. § 109.11(2)

Plaintiffs also seek a ruling that they are entitled to increased damages under Wisconsin law. Under Wis. Stat. § 109.11(2), employees are eligible to recover up to 50% liquidated damages on all Wisconsin wages that were owed to them at the time a lawsuit is filed. Hubbard v. Messer, 2003 WI 145, ¶ 42, 267 Wis. 2d 92, 673 N.W.2d 676. Whether to award such penalties is within the court's discretion. Id. ¶ 22. In contrast to the FLSA, there is no presumption for civil penalties under § 109.11(2), and courts should not award penalties unless the record shows that "wrongful withholding of wages for dilatory or other unjust reasons should be penalized." Johnson v. Roma II-Waterford LLC, 2013 WI App 38, ¶ 46, 346 Wis. 2d 612, 829 N.W.2d 538 (citing Wolnak v. Cardiovascular & Thoracic Surgeons of Central Wisconsin, S.C., 2005 WI App 217, ¶ 54, 287 Wis. 2d 560, 706 N.W.2d 667). Plaintiffs contend that the court should award liquidated damages on their claims that defendant's practices of banking hours and calculating overtime from the lowest rate earned in a week violated Wisconsin law.

16

Defendant contends that the court should decline to award civil penalties because plaintiffs have not shown that it withheld wages for "dilatory or unjust reasons." Additionally, defendant points out that the Wisconsin Supreme Court has explained that one of the goals of § 109.11(2) is to promote resolution of wage disputes quickly, efficiently and voluntarily, with the assistance of the Department of Workforce Development. Hubbard, 2003 WI 145, ¶ 42 ("To encourage the use of the DWD, Wis. Stat. § 109.11(2) halves the available civil penalty if the DWD is bypassed and a claim is directly pursued in circuit court."). In this instance, defendant changed its unlawful policies in response to plaintiffs' lawsuit. Defendant contends that if plaintiffs had raised their disputes with the Department of Workforce Development, defendant would have changed its policies and this case could have been resolved without litigation.

Although plaintiffs have shown that defendant failed to adequately investigate the legality of its procedures, I conclude that plaintiffs have not made a showing that defendant's wage and overtime errors were for "dilatory or unjust reasons" sufficient to justify additional penalties under Wis. Stat. § 109.11(2). Plaintiffs may be able to make this showing at trial, but at this point, plaintiffs have shown only that defendant's errors resulted from a failure to investigate whether its policies complied with the law. The current record suggests that defendant corrected the policies as soon as the problems were brought to its attention. Plaintiffs have not cited any Wisconsin cases suggesting that defendant's actions in this case amount to "dilatory or unjust" conduct. Therefore, I will deny without prejudice plaintiffs' request for judgment on this issue.

## K. Summary

For the reasons stated above, I am granting plaintiffs' motion for summary judgment with respect to the following issues:

- defendant violated the FLSA and Wisconsin law by permitting plaintiffs to "bank" overtime hours earned in a week and "cash in" the hours at a later time when plaintiffs worked fewer than 40 hours in a week;

- defendant violated the FLSA and Wisconsin law by calculating overtime rates by using the lowest wage rate plaintiffs earned in a workweek, rather than using the "regular rate" of pay for the workweek;

- defendant cannot rely on the exemption under 29 U.S.C. § 207(g)(2) and must use the blended average rate when calculating regular rate of pay for overtime purposes;

- defendant violated Wisconsin law by claiming a credit for plaintiffs' 401(k) contributions and defendant's matching 401(k) contributions when computing plaintiffs' prevailing wage rate;

- defendant violated the FLSA and Wisconsin law by failing to include plaintiffs' prevailing wage 401(k) contributions and defendant's matching 401(k) contributions when calculating plaintiffs' overtime premiums for overtime prevailing wage work;

- plaintiffs are entitled to recover liquidated damages on all of defendant's violations of the FLSA;

- plaintiffs are entitled to a three-year statute of limitations as to their FLSA claims relating to banking overtime and calculating overtime from the lowest rate an employee earned in a week.

Plaintiffs' motion is denied with respect to the following issues:

- whether defendant can offset overtime it owes under the FLSA or Wisconsin law with overtime it paid already;

- whether defendant violated the FLSA and Wisconsin law by failing to count paid travel hours and hours worked at the shop to determine whether plaintiffs worked 40 hours during any given week; and

- whether plaintiffs should recover civil penalties under Wis. Stat. § 109.11(2)(a) as to their claims under Wisconsin law.

Also remaining for trial is the amount of damages plaintiffs are owed for unpaid straight, overtime and prevailing wages.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiffs Anthony Boutell, Brian Stout, Shane Morn and Roger Anderson, dkt. #58, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to the following issues:

- defendant violated the FLSA and Wisconsin law by permitting plaintiffs to "bank" overtime hours earned in a week and "cash in" the hours at a later time when plaintiffs worked fewer than 40 hours in a week;

- defendant violated the FLSA and Wisconsin law by calculating overtime rates by using the lowest wage rate plaintiffs earned in a workweek, rather than using the "regular rate" of pay for the workweek;

- defendant cannot rely on the exemption under 29 U.S.C. § 207(g)(2) and must use the blended average rate when calculating regular rate of pay for overtime purposes;

- defendant violated Wisconsin law by claiming a credit for plaintiffs' 401(k) contributions and defendant's matching 401(k) contributions when computing plaintiffs' prevailing wage rate;

- defendant violated the FLSA and Wisconsin law by failing to include plaintiffs' prevailing wage 401(k) contributions and defendant's matching 401(k) contributions when calculating plaintiffs' overtime premiums for overtime prevailing wage work;

- plaintiffs are entitled to recover liquidated damages on all of defendant's violations of the FLSA;

- plaintiffs are entitled to a three-year statute of limitations as to their FLSA claims relating to banking overtime and calculating overtime from the lowest rate an employee earned in a week.

The motion is DENIED in all other respects.

Entered this 11th day of December, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge