IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY BOUTELL, BRIAN STOUT
SHANE MORN and ROGER ANDERSON,
on behalf of themselves and others similarly situated,

                     Plaintiffs,

    v.

CRAFTMASTER PAINTING, LLC,

                     Defendant.

ORDER

17-cv-317-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Anthony Boutell, Brian Stout, Shane Morn and Roger Anderson filed this lawsuit as a class and collective action against defendant Craftmaster Painting, LLC, alleging that several of defendant's wage practices violated the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-219, and Wisconsin's wage law, Wis. Stat. § 109.01-109.13. A hearing is scheduled for April 30, 2019, to consider the parties' motion for final approval of the proposed settlement and plaintiffs' motion for attorney fees. However, after reviewing the parties' motions and proposed settlement agreement, I conclude that the settlement cannot be approved until the parties submit information addressing the following questions:

**(1) Why were Rule 23 class members required to submit claim forms for prevailing wage claims but not for overtime wage claims?**

      Upon review of the parties' proposed settlement agreement, it appears that the parties

1

required the Rule 23 class members to submit claim forms for their prevailing wage claims but not for claims of unpaid overtime. It is not clear why the parties made a distinction between these two types of claims, and their decision to do so adds complexity and confusion to the notice forms that were distributed to class members. The parties should explain why they chose to distinguish between these claims. They also should explain whether it would be possible to calculate damages owed for each type of claim for each class member by using defendant's records.

**(2) How many Rule 23 class members will receive an award?**

The parties have stated that there are more than 100 class members in the Rule 23 class. My understanding from the proposed settlement agreement was that all class members would receive compensation for unpaid overtime, regardless whether they submitted a claim form for prevailing wages. However, the parties have not submitted a spreadsheet showing damages calculations for more than 100 class members. Instead, plaintiffs submitted a spreadsheet showing award amounts for 11 individuals and another showing award amounts for 18 individuals. Dkt. #87-2, #87-3. Plaintiffs do not explain clearly who these individuals are or what happened to the remaining class members.

**(3) Did the parties calculate potential damages for each class member before distributing notices and if so, did they include damages calculations in the notices?**

The parties' proposed settlement agreement does not actually include a settlement

2

amount.  Instead, the parties identified mathematical formulas that would be used to calculate damages for each class member.  Presumably, the parties should have then been able to calculate the damages that would be owed for each class member based on defendant's records.  But the parties have not submitted any spreadsheets or other documents showing whether they actually made these calculations.  Additionally, the notices that were distributed to class members do not appear to include any calculations of the amount that the class members would receive by making a claim.  Instead, the notices describe complicated formulas that will be used to calculate potential damages.

I am concerned that the parties' failure to calculate potential damages in advance and include individualized damage calculations for each class member may have deterred class members from submitting claim forms.  Although the parties indicated that there are more than 100 individuals in the Wisconsin class, the parties state that only 11 individuals submitted claim forms.  Dkt. #87-2.  Because the claim forms did not include potential damage awards and instead described lengthy formulas, potential claimants may have found the notice to be confusing.  Therefore, before final approval can be given to the proposed settlements, the parties must describe what steps they took to calculate individual damage awards and whether they included those awards on their notices.  If they did not, it is likely that I will require plaintiffs to submit new notice and claim forms to class members.

**(4) What is the total amount defendant will pay under the agreement?**

Before I will approval the settlement, the parties must submit a new proposed

3

settlement agreement that specifies the exact amount that defendant will pay under the agreement. If that number is unknown, the parties should calculate the total amount of potential damages that defendant could pay and then explain what will happen to any amount that is unclaimed by class members.

**(5) What is the total amount plaintiffs are seeking in attorney fees?**

Plaintiffs' motion for attorney fees includes a request for 1/3 of the total amount recovered by the class, excluding recoveries by the four named plaintiffs and class member Krystal Cribb. I cannot determine whether this amount is appropriate because it is not clear how much defendant will be paying to the class members. The parties must provide more information regarding the specific amount plaintiffs are seeking for attorney fees.

**(6) Did the parties comply with the notice provision of 28 U.S.C. § 1715?**

Under 28 U.S.C. § 1715, the parties must provide notice of any class action settlement to appropriate federal and state authorities. The court cannot give final approval of a proposed settlement until 90 days after the parties provide this notice. The parties have provided no information showing that they complied with this provision.

**(7) Do the parties object to Brian Costigan's claim for prevailing wages?**

Brian Costigan, a former employee of defendant, apparently did not opt in to the collective action by the deadline for doing so. He has contacted the court stating that he

intends to make a claim for prevailing wages at the final approval hearing. The parties should notify the court whether they intend to object to Costigan's claim for unpaid wages.

In light of these outstanding questions, I am striking the final approval hearing that is scheduled for April 30, 2019. After the parties respond to the questions set forth above, I will reschedule the final approval hearing.

ORDER

IT IS ORDERED that:

1. The final fairness hearing scheduled for April 30, 2019, is STRUCK.

2. Plaintiffs may have until May 3, 2019 to respond to the questions set forth in this order above. Defendant may have until May 10, 2019 to file a reply.

3. After the parties respond to the questions set forth above, I will reschedule the final approval hearing.

Entered this 26th day of April, 2019.

BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge